UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CITIZENS INSURANCE COMPANY
OF THE MIDWEST,

    Plaintiff,

v.

    Civil Case No. 18-10988
    Honorable Linda V. Parker

RALPH EDWARD MEEK, JR., and
LAURA JO HILL,

    Defendants.
_____/

**<u>OPINION AND ORDER (1) GRANTING, IN PART, AND DENYING, IN PART, PLAINTIFF'S AMENDED MOTION FOR RULE 55 DEFAULT JUDGMENT AS TO DEFENDANT RALPH E. MEEK, JR. (ECF NO. 22) AND (2) DENYING PLAINTIFF'S MOTION TO STRIKE (ECF NO. 29)</u>**

On March 27, 2018, Plaintiff initiated this action against Defendants, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332, and seeking a declaratory judgment against Defendant Meek concerning the determination of liability under an automobile insurance policy issued by Plaintiff. (ECF No. 1.) On April 16, 2018, Plaintiff filed an Amended Complaint seeking the same relief. (ECF No. 4.) Having entered an attorney appearance on May 9, 2018, Defendant Meek altogether failed to defend against the action. (ECF No. 8.) In response, Plaintiff filed a Request for Clerk's Entry of Default, which was granted and entered on the same day, June 20, 2018. (ECF Nos. 12 & 13.) Subsequently,

1

Plaintiff filed a Motion for Default Judgment against Defendant Meek on August 17, 2018. (ECF No. 21.) Shortly thereafter, on August 20, 2018, Plaintiff filed an Amended Motion for Default Judgment, which sought a declaratory judgment against Defendant Meek. (ECF No. 22.)

## I. Factual and Procedural Background

The present action seeks declaratory judgment against Defendant Meek pertaining to a no-fault automobile insurance policy ("the policy") issued by Plaintiff Citizens and purchased by Ruth Ann Meek and Ralph E. Meek, Sr., the parents of Defendant Meek. (ECF No. 22 at Pg ID 209.) Defendant Meek has failed to answer or otherwise respond to Plaintiff's Amended Complaint, despite having an attorney enter an appearance on his behalf on May 9, 2018. (*Id.* at 208.) Plaintiff filed a request for clerk's entry of default as to Defendant Meek on June 20, 2018, which was entered on the same day. (*Id.* at 209.) Subsequently, Plaintiff filed a Motion for Default Judgment and, later, the instant Amended Motion for Default Judgment against Defendant Meek. (ECF Nos. 21 & 22.)

Notably, this action also arises out of a lawsuit filed by Defendant Hill in the County of Wayne, State of Michigan, entitled: *Laura Hill v. Ralph Meek, Jr., Ruth Ann Meek, and State Farm Mutual Automobile Ins. Co.*, Case No. 17-013703-NI, ("the underlying lawsuit"). (ECF No. 1-2.) The underlying lawsuit arises from Defendant Meek's operation of a 2004 Chevrolet Avalanche, the vehicle subject to

2

Plaintiff Citizens' automobile insurance policy at issue in the present action, which was involved in an accident on December 17, 2016 with Defendant Hill who allegedly sustained injuries. (ECF No. 22 at Pg ID 209 & 218.) In the underlying lawsuit, Defendant Hill raises claims of negligence and owner's liability against Defendants Ruth Ann and Ralph, Jr., and a claim of uninsured motorist coverage against her own insurance company, State Farm. (ECF No. 1-2.)

Although not a party to Hill's state court action, Plaintiff Citizens seeks a declaratory judgment as to Defendant Meek, requesting declarations that, as a result of or in connection with any lawsuit arising out of Defendant Meek's operation of the subject vehicle, Citizens: (1) is not responsible for payment of third-party non-economic damages incurred; (2) has no duty to defend and/or reimburse Defendant Meek for defense costs; and (3) has no duty to indemnify or pay any damages by way of settlement and/or judgment. (ECF No. 22 at Pg ID 213.)

Plaintiff Citizens contends it is entitled to such relief arguing the policy did not cover Defendant Meek because: (1) although a family member, he was not a resident and, therefore, is not covered under the terms of the policy, and (2) although his parents' car, he did not have permission to use the vehicle and, therefore, is not covered under the terms of the policy. (*Id.* at 217.) The policy specifically excludes liability coverage for anyone that is "using the vehicle

3

without a reasonable belief that [he or she] is entitled to do so." (ECF No. 1-3 at Pg ID 27.)

Defendant Hill, however, filed a Response in Opposition to Plaintiff Citizens' Amended Motion for Default Judgment, which challenges Citizens' entitlement to such declaratory relief. (ECF No. 27.) Hill relies on *Allstate Ins. Co. v. Hayes* to support her opposition to Plaintiff's default judgment, specifically contesting whether Plaintiff is entitled to the declaratory relief requested. In Response, Plaintiff filed a Motion to Strike Defendant Hill's Response, contending that Defendant Hill has no standing to oppose Plaintiff's motion for default judgment. (ECF. No. 29.)

## II. Applicable Law & Analysis

Declaratory judgment is a tool of efficiency, which provides a "flexible remedy with a view to making the courts more accessible to the people." *Allstate Ins. Co. v. Hayes*, 442 Mich. 56, 65 (1993) (citation omitted).

### A. Standing

The issue raised by Defendant Hill directly parallels the precise issue in *Allstate*: whether, as a joined defendant, she has standing as an interested third-party in a declaratory action instituted by an insurer, Plaintiff, to pursue the action to a final determination of policy coverage. *See Allstate*, 442 Mich. at 63. Plaintiff Citizens, through its default judgment motion, seeks not only an entry of default

4

judgment against Defendant Meek but also that the Court declare that Plaintiff has neither responsibility nor liability arising from Defendant Meek's operation of the vehicle covered by Plaintiff's policy. The determination of this question is of great interest to Defendant Hill, who is litigating in state court against not only Ralph Meek Jr., the operator of the subject vehicle, but also Ruth Meek, the owner of the subject vehicle and policy. The Court believes that Plaintiff is aware of Defendant Hill's apparent interest since it named her as a defendant in the present action. Since the Court has the authority to "declare the rights and other legal relations of an interested party seeking a declaratory judgment in a case of actual controversy"—just as in *Allstate*—once Plaintiff named Hill as a defendant in its declaratory action, "the court possessed the power to declare the rights of any interested party before it." *Id.* at 65-67. This is not an issue of standing; rather the Court asserts that it is within its authority to decide the actual controversies between *all* parties. Therefore, the Court denies Plaintiff's motion to strike Defendant Hill's Response.

### B. Declaratory Relief

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), imbues authority in the court to exercise its jurisdiction and discretion in granting declaratory relief. In reaching a decision, courts may consider five factors for assessing the propriety of declaratory relief:

(1) whether the judgment would settle the controversy; (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race for res judicata; (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective.

*W. Am. Ins. Co. v. Prewitt*, 208 F. App'x 393, 394–95 (6th Cir. 2006) (citing *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir.2000).

The Court has considered these factors in determining whether to grant Plaintiff's request that the Court declare Plaintiff's policy did not cover or extend to Defendant Meek's operation of the subject vehicle. In exercising its discretion, the Court maintains its authority to make this declaration or to make a declaration of the opposite. *W. Am. Ins.*, 208 F. App'x at 400-01; *Allstate*, 442 Mich. at 68. At this time, the Court chooses to do neither. The Court will, however, grant default as to Defendant Meek. Plaintiff has sufficiently demonstrated that Meek has failed to answer or defend against the present action. Therefore, default will be entered against him. This grant is for the limited purpose of not responding. To the extent that this order is interpreted to go beyond that limited purpose, it is void.

Plaintiff has requested specific declaratory relief; and this Court is declining to grant that relief, taking caution of the state court implications. A default judgment against Defendant Meek is only a recognition that he will not contest the allegations against him. However, a default judgment cannot be viewed or used as an admission that there is no coverage with respect to another interested party. *Allstate*, 442 Mich. at 74. The instant order is intended to make no such determination. Thus, the Court will grant, in part, and deny, in part, Plaintiff's motion for default judgment. Finally, the Court asserts that its "authority to declare the rights of a named interested party [will] not [be] eliminated by the default judgment" entered. *Id.* at 75.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for default judgment (ECF No. 22.) is **GRANTED, IN PART, AND DENIED, IN PART** in accordance with this opinion and order; and

**IT IS FURTHER ORDERED** that Plaintiff's motion to strike (ECF No. 29) is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: October 11, 2018

7

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 11, 2018, by electronic and/or U.S. First Class mail.

>
> s/ R. Loury
> Case Manager